IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01192-BNB

AARON COLEMAN,

    Applicant,

v.

BRIGHAM SLOAN, Warden/Trustee,
ARISTEDES ZAVARAS,
BRIAN COLLINS, and
BENT COUNTY CORRECTIONAL FACILITY,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 20 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Aaron Coleman, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Coleman has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Coleman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Coleman will be ordered to file an amended pleading.

The court has reviewed the application and finds that it is deficient. First, Mr. Coleman names four Respondents in this action. However, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.

*See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). It does not appear that all four named Respondents have custody over Mr. Coleman.

The application also is deficient because Mr. Coleman fails to provide a clear statement of the claims he is asserting in this action. It appears that Mr. Coleman is challenging the validity of a state court criminal conviction and sentence rather than the execution of his sentence. If so, his claims must be raised in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Regardless of the statutory authority for his claims, though, Mr. Coleman must clarify what those claims are. Therefore, he will be ordered to file an amended application.

Because it appears that Mr. Coleman is challenging the validity of his conviction and sentence, the court will provide him with the proper § 2254 form in order to file his amended pleading. Mr. Coleman is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Coleman must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, the court notes that part of the relief Mr. Coleman requests in the application is an award of damages. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Therefore, Mr. Coleman may not seek an award of damages in a habeas corpus action. If Mr. Coleman wishes to pursue his claims for damages, he must file a separate civil action. Accordingly, it is

ORDERED that Mr. Coleman file **within thirty (30) days from the date of this order** an amended pleading on the proper form. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Coleman, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Coleman fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 17th day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01192-BNB

Aaron Coleman
Prisoner No. 84638
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 7/20/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk