IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01192-BNB

AARON COLEMAN,

      Applicant,

v.

BRIGHAM SLOAN, Warden/Trustee, Bent County Correctional Facility,

      Respondent.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP. 2 2 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED PLEADING

---

      Applicant, Aaron Coleman, is a prisoner in the custody of the Colorado

Department of Corrections at the Bent County Correctional Facility in Las Animas,

Colorado. Mr. Coleman's original pleading in this action was an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. Although his specific claims in his

original pleading were not clear, it appeared that Mr. Coleman was challenging the

validity of a state court conviction rather than the execution of his sentence. Therefore,

in an order filed on July 20, 2009, Magistrate Judge Craig B. Shaffer directed Mr.

Coleman to file an amended pleading that clarifies the specific claims for relief he is

asserting and to use the proper form for an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. On September 18, 2009, Mr. Coleman filed an amended

pleading using the court's 28 U.S.C. § 2241 form.

      The court must construe the amended application liberally because Mr. Coleman

is not represented by an attorney. *See **Haines v. Kerner**,* 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Coleman will be given one final opportunity to file an amended pleading on the proper form that clarifies the specific claims for relief he is asserting in this action.

The court has reviewed the amended application and finds that it is deficient. First, Mr. Coleman continues to use the wrong form. Pursuant to Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court can prescribe by local rule the pleading form to be used in habeas corpus actions. The Court's local rules require *pro se* prisoners to "use the forms established by this court to file an action." D.C.COLO.LCivR 8.2A. Based on the Memorandum in Support of Habeas Corpus that is attached to the amended application, it is clear that Mr. Coleman is challenging the validity of his convictions and sentences in two separate criminal cases in the Denver District Court. Any claims he wishes to assert challenging the validity of those convictions and sentences properly are asserted pursuant to 28 U.S.C. § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Therefore, Mr. Coleman again will be directed to use the proper form to pursue his claims as required by the court's local rules.

More importantly, the amended application is deficient because the specific claims Mr. Coleman is asserting in this action still are not clear. In fact, the claims asserted in the amended application itself are identical to the claims asserted in the original pleading that Magistrate Judge Shaffer determined were deficient. It is only in

2

the attached Memorandum in Support of Habeas Corpus that Mr. Coleman makes some effort to describe the specific constitutional claims he is asserting in this action. However, he still fails in the attached Memorandum in Support of Habeas Corpus to provide a clear statement of each claim. Therefore, Mr. Coleman will be ordered to file a second amended application if he wishes to pursue his claims in this action.

Mr. Coleman again is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Coleman must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Finally, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Coleman file **within thirty (30) days from the date of this order** a second amended pleading on the proper form. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Coleman, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Coleman fails within the time allowed to file a second amended pleading as directed, the action will be dismissed without further

notice.

DATED September 22, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01192-BNB

Aaron Coleman
Prisoner No. 84638
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 9/22/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk