IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01192-BNB

AARON COLEMAN,

    Applicant,

v.

BRIGHAM SLOAN, Warden/Trustee, Bent County Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 4 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART

Applicant Aaron Coleman is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Coleman has filed *pro se* on October 22, 2009, a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court criminal conviction in Denver District Court case number 92CR1745 and the validity of his state court criminal conviction and sentence in Denver District Court case number 93CR1468. For the reasons stated below, the action will be dismissed for lack of jurisdiction to the extent Mr. Coleman is challenging the validity of his conviction in Denver District Court case number 92CR1745.

Mr. Coleman previously has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging the validity of his conviction in Denver District Court case number 92CR1745. *See Coleman v. State of Colorado*, No. 05-cv-02115-ZLW (D. Colo. Mar. 14, 2006), *appeal dismissed*, No. 06-1221 (10th

Cir. Sept. 22, 2006). Mr. Coleman's prior habeas corpus application in 05-cv-02115-ZLW was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court finds that the October 22 pleading in this action is a second or successive application to the extent Mr. Coleman again is challenging the validity of his conviction in Denver District Court case number 92CR1745.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Coleman must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive claims. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B).

Mr. Coleman does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the

Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Coleman's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Furthermore, given that Mr. Coleman's prior habeas corpus application challenging the validity of his conviction in Denver District Court case number 92CR1745 was dismissed in 2006 as barred by the one-year limitation period in § 2244(d), it appears that Mr. Coleman's claims challenging the same conviction in this action also would be time-barred. It also was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Coleman's claims challenging the validity of his conviction in Denver District Court case number 92CR1745. As a result, the Court finds that a transfer of Mr. Coleman's claims challenging the validity of his conviction in Denver District Court case number 92CR1745 to the Tenth Circuit is not in the interest of justice. Instead, the instant action will be dismissed for lack of jurisdiction to the extent Mr. Coleman is challenging the validity of his conviction in Denver District Court case number 92CR1745. Accordingly, it is

3

ORDERED that the second amended habeas corpus application is denied for lack of jurisdiction to the extent Mr. Coleman is challenging the validity of his conviction in Denver District Court case number 92CR1745.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01192-BNB

Aaron Coleman
Prisoner No. 84638
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk