IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO   F I L E D

UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-01192-BNB

DEC 17 2009

AARON COLEMAN,
    Applicant,

GREGORY C. LANGHAM
CLERK

v.

BRIGHAM SLOAN, Warden/Trustee, Bent County Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,
    Respondents.

---

ORDER OF DISMISSAL

---

Applicant Aaron Coleman is a prisoner in the custody of the Colorado

Department of Corrections at the Bent County Correctional Facility in Las Animas,

Colorado.  Mr. Coleman has filed *pro se* on October 22, 2009, a second amended

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging both

the validity of his conviction in Denver District Court case number 92CR1745 and the

validity of his conviction and sentence in Denver District Court case number 93CR1468.

On November 4, 2009, the Court dismissed the second amended application for lack of

jurisdiction to the extent Mr. Coleman is challenging the validity of his conviction in

Denver District Court case number 92CR1745.  Therefore, only Mr. Coleman's claims

challenging the validity of his conviction and sentence in Denver District Court case

number 93CR1468 remain to be addressed.

On November 6, 2009, Magistrate Judge Boyd N. Boland ordered Respondents

to file a Pre-Answer Response limited to addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On November 20, 2009, Respondents filed their Pre-Answer Response. On December 10, 2009, Mr. Coleman filed a reply to the Pre-Answer Response.

The Court must construe the second amended application and other papers filed by Mr. Coleman liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss Mr. Coleman's claims challenging the validity of his conviction and sentence in Denver District Court 93CR1468 as barred by the one-year limitation period.

Mr. Coleman was convicted by a jury of first degree sexual assault and second degree burglary in Denver District Court case number 93CR1468 and he was sentenced to twenty-five years in prison. The judgment of conviction was affirmed on direct appeal. *See People v. Coleman*, No. 94CA1913 (Colo. Ct. App. Mar. 21, 1996) (unpublished). Mr. Coleman did not seek certiorari review in the Colorado Supreme Court on direct appeal and the mandate issued on April 8, 1996.

On June 7, 1996, Mr. Coleman filed a postconviction motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. On June 18, 1996, while the Rule 35(b) motion was pending, Mr. Coleman filed a postconviction Rule 35(c) motion. On January 12, 1998, the trial court denied both postconviction motions and the trial court's January 12 order was affirmed on appeal. *See People v. Coleman*, No. 98CA0561 (Colo. Ct. App. July 22, 1999) (unpublished).

Mr. Coleman did not seek certiorari review in the Colorado Supreme Court and the mandate issued on September 30, 1999.

On November 12, 2002, Mr. Coleman filed another postconviction motion in the trial court arguing that his sentence was illegal.  On April 30, 2003, Mr. Coleman's request to withdraw the November 12, 2002, motion was granted.

On November 9, 2004, Mr. Coleman filed yet another postconviction motion that the trial court denied on November 24, 2004.  Mr. Coleman appealed and the Colorado Court of Appeals affirmed the trial court's November 24 order.  ***See People v. Coleman***, No. 05CA0066 (Colo. Ct. App. Mar. 22, 2007) (unpublished).  Mr. Coleman did not seek certiorari review in the Colorado Supreme Court and the mandate issued on May 22, 2007.

Mr. Coleman filed his initial application for a writ of habeas corpus in this Court on June 25, 2009.  In the second amended application filed on October 22, 2009, Mr. Coleman asserts the following seven claims for relief:

1. He was sentenced outside the presumptive range without being charged with any sentence enhancements.

2. His sentence was enhanced improperly based on a prior illegal conviction.

3. The jury instructions regarding the elements of sexual assault were faulty.

4. The trial court lacked jurisdiction based on the alleged denials of due process asserted in claims 1 - 3.

5. The state forced him to take anti-psychotic medications before and during trial.

3

6.    Counsel on direct appeal was ineffective.

7.    His sentence outside the presumptive range is illegal.

The Court notes initially that many of Mr. Coleman's claims are not asserted clearly or lack supporting factual allegations.  Nevertheless, because the Court finds that the claims are time-barred, the Court need not address these other deficiencies.

Respondents first argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect

4

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the Court first must determine the date on which Mr. Coleman's conviction became final. Because Mr. Coleman did not seek certiorari review in the Colorado Supreme Court on direct appeal, his conviction became final when the time for seeking such review expired. Under Colorado law, Mr. Coleman had forty-six days to file a petition for writ of certiorari after the Colorado Court of Appeals affirmed the judgment of conviction on March 21, 1996. *See* C.A.R. 52(b)(3). Therefore, the Court finds that Mr. Coleman's conviction became final on May 6, 1996, when the time for filing a petition for writ of certiorari expired.

Mr. Coleman does not allege that he was prevented by unconstitutional state action from filing this action sooner and he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B) & (C). Mr. Coleman alleges in his reply to the Pre-Answer Response that the issues he is raising in this action were not raised in state court postconviction proceedings until November 2004 and he makes vague and conclusory allegations regarding his lack of access to transcripts of trial records in connection with his postconviction motions. To the extent Mr. Coleman may be arguing pursuant to § 2244(d)(1)(D) that he was unaware of the factual predicates for his claims prior to November 2004, the Court finds that Mr. Coleman fails to demonstrate he could not have discovered the factual predicates for his claims before

5

his conviction became final as required pursuant to § 2244(d)(1)(D). Therefore, the

Court finds that the one-year limitation period began to run on May 6, 1996, when the

judgment of conviction became final.

The next question the Court must answer is whether any of Mr. Coleman's state

court postconviction motions tolled the one-year limitation period. Pursuant to 28

U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year

limitation period while the motion is pending. An application for postconviction review is

properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are

in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*,

531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending pursuant to

§ 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th

Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is

attempting, through proper use of state court procedures, to exhaust state court

remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*,

167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner

actually appeals a denial of a post-conviction application, the limitations period is tolled

during the period in which the petitioner *could have* sought an appeal under state law."

*Gibson*, 232 F.3d at 804.

Respondents concede, and the Court agrees, that the one-year limitation period was tolled pursuant to § 2244(d)(2) while Mr. Coleman's Rule 35(b) motion and his first Rule 35(c) motion were pending in the state courts. As noted above, the Rule 35(b) motion was filed on June 7, 1996, and the Colorado Court of Appeals issued its mandate affirming the denial of those motions on September 30, 1999. Therefore, the time from June 7, 1996, through September 30, 1999, does not count against the one-year limitation period. However, the thirty-one days between May 6, 1996, when the one-year limitation period began to run, and June 7, 1996, when the Rule 35(b) motion was filed, count against the one-year limitation period. As a result, only 334 days of the one-year limitation period remained when the state court proceedings with respect to Mr. Coleman's first round of postconviction motions concluded.

Respondents contend that no other state court postconviction motions filed by Mr. Coleman tolled the one-year limitation period because no other state court postconviction motions were filed before the one-year limitation period expired. The Court agrees. The remaining 334 days began to run on October 1, 1999, and ran uninterrupted until the one-year limitation period expired on August 29, 2000. Because the one-year limitation period expired before Mr. Coleman filed any further state court postconviction motions, the state court postconviction motions filed after August 29, 2000, did not toll the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-

year limitation period only if they are filed within the one-year limitation period).

Therefore, the Court finds that the instant action is time-barred in the absence of some

other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons in appropriate extraordinary situations when circumstances

beyond a prisoner's control make it impossible to file the habeas corpus application on

time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may

be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial

remedies but files a defective pleading within the statutory period. *See Gibson*, 232

F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to

support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if

the inmate pursues his or her claims diligently and it is the inmate's burden to "allege

with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v.

Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Coleman alleges in his reply to the Pre-Answer Response that this action is

not barred by the one-year limitation period because he is actually innocent. He

specifically argues that he is actually innocent because the prosecution did not

introduce any physical evidence of penetration to support a conviction for first degree

sexual assault as required under state law.

Mr. Coleman's claim of actual innocence does not justify equitable tolling of the

one-year limitation period. A "substantial claim that constitutional error has caused the

conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324

(1995). In order to demonstrate actual innocence, Mr. Coleman first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Coleman then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Coleman fails to present any new evidence in support of his actual innocence argument. Therefore, the Court finds that Mr. Coleman fails to demonstrate this is one of those extremely rare cases in which a constitutional error has caused the conviction of an innocent person. Mr. Coleman's remaining arguments in his reply to the Pre-Answer Response also do not demonstrate that equitable tolling is appropriate in this action.

In conclusion, Mr. Coleman's claims challenging the validity of his conviction and sentence in Denver District Court case number 93CR1468 will be dismissed as barred by the one-year limitation period. Because the Court will dismiss these claims as time-barred, the Court need not consider Respondents' alternative arguments regarding exhaustion of state remedies. Accordingly, it is

ORDERED that Applicant's claims challenging the validity of his conviction and sentence in Denver District Court case number 93CR1468 are dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

9

FURTHER ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this _16_ day of _December_, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01192-BNB

Aaron Coleman
Prisoner No. 84638
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

Elizabeth Rohrbough
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _12/17/09_


GREGORY C. LANGHAM, CLERK

By:_____
           Deputy Clerk